The Colorado Bar > For Members > Opinions Rules Statutes > Colorado Court of Appeals Opinions > View
 
 
 
 
 


 











 
 
 




 
 
 
 
 
 
 
 
 
 
 
 
 
 GO





 
 
 
 

 
About the CBA
For Members
For the Public
Casemaker/ Fastcase
Colorado Lawyer
Licensed Lawyer
Calendar
Jobs Board
Local Bar Associations
Diversity and Specialty Bar Associations
 








 
 
 
 
 
 


 
 
 
 
 
 
 
 
 
 
 
 Login

 

 
About the CBA
For Members
For the Public
Casemaker/ Fastcase
Colorado Lawyer
Licensed Lawyer
Calendar
Jobs Board
Local Bar Associations
Diversity and Specialty Bar Associations
 








 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 



 
 
 
 

 COVID Protocols
 CLE HOME
 MY COBAR
 CONTACT
 Cart
 Cba community





 














 
 
 My Account

 Member Login

 
 
 
 
 
 
 
 
 
 
  >
 For Members > Opinions Rules Statutes > Colorado Court of Appeals Opinions > View
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 



 
 
 
 2021 COA 123. No. 20CA1726. In re Marriage of Thomas



 
 
 
 
 

 
 


The district court incorporated the parties’ separation agreement into their dissolution decree. The separation agreement included a parenting plan that provided for joint decision-making and indicated that the child’s residence would be with father for purposes of school attendance. The parties did not agree on where the child would attend high school, so mother filed a motion requesting that she be made the sole decision-maker with respect to the child’s high school enrollment or that the court decide this issue. The court denied the motion and appointed a decision-maker under CRS § 14-10-128.3(1) to resolve the school choice issue. Father moved for relief under CRCP 60(b), arguing that the court lacked authority to appoint a decision-maker without his consent. The court acknowledged that its order appointing a decision-maker was erroneous given the lack of parental consent. It thus vacated the order and decided the issue by finding that it was in the child’s best interests to attend the school that mother preferred during the 2020–21 school year.

As a threshold matter, the Court of Appeals addressed whether this appeal was moot because the 2020–21 school year had concluded. The Court determined that though neither party raised this issue, the parties’ impasse regarding the child’s school enrollment is unlikely to end absent court resolution of the issue. Accordingly, this matter is capable of repetition yet evading review, so the Court chose to exercise jurisdiction.

On appeal, father asserted that the district court erred by refusing to enforce the educational decision-making provisions of the parenting plan. He contended that the language “[f]or purposes of school attendance only, the [child’s] residence will be with the [father]” acts as a tiebreaker giving him unilateral authority to enroll the child in school based on where he resides. However, the language regarding the child’s residency for school enrollment purposes is related to the statutory provision governing how a school district determines which children live within its boundaries, and father’s argument is inconsistent with the clear expression of the parties’ intent and the court’s order that decisions about the child’s education are to be made jointly. Accordingly, the district court did not err.

Father also argued that the district court’s order violated the prohibition against breaking a deadlock between parents outlined in Griffin v. Griffin, 699 P.2d 407 (Colo. 1985). When Griffin was decided, CRS § 14-10-130(1) provided that even where there was an agreement for joint decision-making, there was only one custodian who had the final say when joint decision-making failed. Since Griffin was decided, CRS § 14-10-130(1) was amended to provide that where there is an allocation of joint decision-making, both parents are “persons with responsibility for decision-making [who] may determine the child’s . . . education.” Further, Griffin does not prohibit a district court from breaking a parental deadlock between joint decision-makers. Here, mother and father reached an impasse in making a major decision they were obligated to make together, so the district court appropriately exercised its authority to decide the matter.

The order was affirmed.





 
 

 








 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 



 
 
 
 

 
 
 About Us
 Membership
 For Lawyers
 Young Lawyers Division
 
 
 
 
 Calendar
 For the Public
 From the Courts
 
 
 
 
 Volunteer
 Classifieds
 Social Media Policy and User Agreement
 Privacy Policy
 
 





 














 Copyright © 2021. Colorado Bar Association License Agreement

 
 
 



 
 
 
 

303-860-1115
1290 Broadway, Suite 1700  | Denver, CO 80203

 
 
 
 





 














 
 
 
 
 
 
 
 
 
 
 
 
 
 
 Licensed Lawyer
 Join CBA
 CLE Home
 
 Register

 
 
 Member Login

 
 CONTACT
 
 
 
 top